Tilghman C. J.
It appears by the return made to the mandamus in this case, that Robert Green was expelled from the African Methodist Episcopal Society, for having together with a certain William Samons, brought an action at law against Richard Howel, a member of the said society, contrary to the rules of the said society. According to the discipline of the Methodist Episcopal Church, by which the African society is governed, disputes between members are to be settled by arbitration, and any member who commences an action at law against another member, is liable to expulsion, “ except the case be of such a nature as to require and justify “ a process at law.”
The return sets forth that Green and Samons, brought a suit against Howel, in violation of the rules of the church, but does not aver that the case was not of such a nature as to require and justify a process at law. In this, it is defective. But there is a much stronger objection to the return. It states that Green was tried and expelled, by “ a select num- “ ber of the said society, and in the presence of three dea- “ cons and a preacher,” but it is not shewn of how many this select number consisted, or by what authority they proceeded to try and expel a member. This is a radical defect, for the power of expulsion-must belong to the society at large, *255 unless by the fundamental articles, or some by-law founded on these articles, it is transferred to a select number. It ought, therefore, to have been set forth, from what source this select committee derived their' authority, and in what manner th,ey had been selected, in order that the Court might judge whether the proceedings had been conducted according to law. Those who make a return to a mandamus have this great advantage, that their proceedings cannot be contradicted in the proceedings on the mandamus, although, if it be false they are liable to an action. The Court will, therefore, expect that such cause shall be shewn, as will make it clearly appear, that a mandamus ought not to be issued. I am of opinion, that in the present instance, this has not been done, and therefore a peremptory mandamus should be issued.
Yeates J.
The return to the mandamus in this case is insufficient. It states, that “ at a special meeting of a select “ number of members of the African church, called Bethel, “ composed of three deacons, one preacher, and six members, “ they being a committee appointed to hear and try the case “ of Robert Green and William Samons, charged with having, “ contrary to the rules and discipline, entered a law-suit “ against Richard Howell, a member of said church j” their trial was proceeded in, and both of them were found guilty: but it does not state, in what manner this committee was selected or appointed.
According to the decision in Rex v. Mayor, Bailiff, and Common Council of the Town of Liverpool, 2 Burr. 730, the return must set forth the particular facts precisely upon an, a motion out of a corporation, that it may appear the person is removed in a legal and proper manner, and for a legal cause. It is not sufficient to set out conclusions only, but the facts themselves must be set out, that the court may be able to judge of the matter. A select number, although alleged to be duly met and assembled, was held to be a complication of fact and law, and therefore not properly traversable.
I am of opinion, there ought to be a peremptory mandamus.
Brackenridge J. concurred.
A peremptory mandamus awarded. '